IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| OREGON NATURAL RESOURCE COUNCIL FUND; et al., | Civil No. 05-3004-CO (Lead Case) |
| Plaintiffs, | CONSOLIDATED CASES |
| v. | FINDINGS AND RECOMMENDATION |
| LINDA GOODMAN; et al., | |
| Defendants, | |
| MT. ASHLAND ASSOCIATION dba SKI ASHLAND, | |
| Applicant-Intervenor. | |

COONEY, Magistrate Judge:

Plaintiffs bring this action for declaratory and injunctive relief pursuant to the Administrative Procedures Act (APA), 5 U.S.C. § 701 et. seq., for alleged violations of the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321 et seq., and the National Forest Management Act (NFMA), 16 U.S.C. §§ 1600 et seq. Plaintiffs challenge the decision by the United States Forest Service (USFS) to authorize the Mount Ashland Ski Area Expansion Project (Mount Ashland Project). Plaintiffs allege that defendants violated NEPA because they failed to properly examine the impacts

of the Mount Ashland Project in a Final Environmental Impact Statement (FEIS) and Record of Decision; and that defendants violated NFMA because the Mount Ashland Project does not comply with the Rogue River National Forest Land and Resource Management Plan (Rogue River Forest Plan) or the Northwest Forest Plan (NWFP). Plaintiffs seek declarations that the Mount Ashland FEIS violates NEPA and that the Mount Ashland Project violates NFMA, the Rogue River Forest Plan, and the NWFP. Plaintiffs seek an injunction enjoining defendants from undertaking activities related to the ski area expansion project, unless and until defendant has complied with NFMA, NEPA, and the APA, with the exception of certain activities. Plaintiffs also seek costs and attorney's fees. This court has jurisdiction pursuant to 28 U.S.C. § 1331.

Before the court are motions to intervene as defendant by Mt. Ashland Association dba Ski Ashland (the Association) which is opposed by Oregon Natural Resources Council Fund plaintiffs (#6), and is not opposed by plaintiff Navickas (#11). Because this case has been consolidated, the court will address the matter of intervention as it is presented in the opposed motion.

## FACTS

Plaintiffs bring this action alleging violations of NEPA, NFMA, and APA, by the USFS in authorizing the Mount Ashland Project. The Mount Ashland Project proposes to remove old-growth forest and construct infrastructure, roads, and parking lots within

FINDINGS AND RECOMMENDATION - 2

the perimeter of the Mount Ashland Special Use Permit Area in the Ashland Creek and Cottonwood Creek Watersheds.  Plaintiffs seek government compliance with these laws and regulations, and an injunction pending such compliance, with certain exceptions. (Compls.)  Plaintiff Navickas filed his complaint on December 29, 2004, and defendant answered on April 12, 2005; and the Oregon Natural Resources Council Fund plaintiffs filed their complaint on January 10, 2005, and defendants filed their answer on March 29, 2005.

The Association operates the Mt. Ashland Ski Area (MASA), located within the Rogue River-Siskiyou and Klamath National Forests.  (Hanson Decl.)  The Association currently leases the ski area from the City of Ashland, which is the holder of the USFS Special Use Permit (SUP) for the MASA.  The lease and SUP terms extend to the year 2017 and are renewable.  (Hanson Decl.)

The Association was formed in 1992 as a product of organized community action in Ashland to keep the MASA a going concern and open to the public.  The Association was incorporated primarily for the purpose of operating the facility.  Its bylaws require it to operate the MASA "'to perpetuate, enhance and facilitate the use of the Mt. Ashland Ski Area for the promotion of skiing, snowboarding and other recreational and educational activities.'"  (Hanson Decl.)

As the proponent of the expansion, the Association has

FINDINGS AND RECOMMENDATION - 3

committed significant financial resources to planning for the Proposal, in addition to the costs associated with the NEPA review by the USFS at issue in this case. (Hanson Decl.) The Association is committed to seeing the expansion completed because the MASA is an important reason people continue to bring social and economic investment to the southern Oregon and northern California region. (Hanson Decl.) As a non-profit corporation with a charter to serve community and public outdoor recreation interests in the Ashland region on national forest land, the Association has a vital interest in environmentally sound operation of the ski area and in complying with NEPA and NFMA in expanding and improving the facilities. (Hanson Decl.) The objective of the MASA expansion is to implement, as soon as possible, modest improvements so that it may become a more valuable resource to the regional communities while protecting the fundamental environmental values of the ski area, which is a far more desirable alternative than having the MASA become antiquated and failing its current positive mission. (Hanson Decl.)

The key purpose of the expansion project is to bring the terrain balance and diversity of the ski and snowboarding experience to the MASA. The expansion authorized is critical to the economic future and longevity of the MASA, and the purpose and need of the project encompasses years of effort at designing the expansion to greater serve the public without environmentally

FINDINGS AND RECOMMENDATION - 4

damaging the Area. (Hanson Decl.)

Should the MASA expansion be denied or substantially delayed, the effects will be that potential users of the area will not visit and use the facility because of the terrain balance favoring advanced and expert skiers and snowboarders; because the MASA is deficient in base facilities for current need, the MASA will not attract people to take advantage of other services, such as eating facilities; each year the MASA will find it more difficult to make the margins needs for maintenance for facilities and investment in equipment to maintain ski experience such as snow cats and other equipment; and the opportunity to perpetuate and enhance the MASA's economic benefits, estimated at between $10 and $50 million per year in the southern Oregon and northern California region, may be lost. (Hanson Decl.)

## DISCUSSION

The Association moves to intervene as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure or, in the alternative, to intervene permissively pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. In support of intervention, the Association contends that its motion to intervene is timely; it has a significantly protectable interest because it is the lessee and NEPA proponent of the expansion of the MASA; its interests may, as a practical matter, be impaired by the disposition of this litigation because the litigation may require

a determination that the Association's proposed expansion can proceed and whether implementation of the Mount Ashland Project should be temporarily or permanently enjoined; its interest is not adequately represented by the USFS; and it should be permitted to permissively intervene.

Plaintiffs respond that the Association, as a private party, only has the right to intervene in the remedy phase of a NEPA lawsuit and, because only the federal government is bound by NFMA, the court should place certain limits on the Association's intervention. Plaintiffs contend that the Association does not meet the test for full intervention because the USFS can be the only real party in interest as to the NEPA issues in this case since the sole issue is whether the USFS has complied with procedural duties under federal environmental laws; and the Association's interests are adequately represented by the government. Plaintiffs contend that the Association does not meet the test for permissive intervention because the issues regarding the USFS compliance with applicable laws can be fully developed by the present parties and the Association has not demonstrated that it will supplement the position already taken by the other parties. They contend that allowing intervention will unnecessarily protract this litigation. Plaintiffs contend that, if the court grants intervention, it should impose limits on the Association's party status.

FINDINGS AND RECOMMENDATION - 6

The Association replies that plaintiffs ask the court to ignore existing jurisprudence and create new law on private intervention in NEPA cases as well as challenges to NFMA planning. It contends that intervention is appropriate for all purposes so that it may fully litigate the NEPA and NFMA challenges as of right under Rule 24(a), and plaintiffs fail to address recent Ninth Circuit law allowing permissive intervention under Rule 24(b). The Association contends that intervention should be granted without limitation. Defendants also reply to plaintiffs' objection to the Association's motion to intervene, claiming that their interests are not coextensive with those of the Association and that "they do not see their role as seeking to, nor do they purport to adequately be able to, represent [the Association's] interests in this litigation." (Defs. Reply at 2.) Defendants assert that their positions are distinct from those of the Association and their respective interests cannot be said to be congruent.

Federal Rules of Civil Procedure Rule 24 permits two types of intervention: intervention as of right and permissive intervention. Fed. R. Civ. P. 24(a) and (b). Rule 24(a) provides in pertinent part:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

FINDINGS AND RECOMMENDATION - 7

There are four requirements for intervention of right: 1) the application for intervention is timely; 2) the applicant has a significantly protectable interest relating to the transaction that is the subject of the transaction; 3) the applicant is so situated that disposition of the action may impair or impede the applicant's ability to protect that interest; and 4) the applicant's interest must be inadequately represented by the existing parties to the suit. Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 836 (9th Cir. 1996). Courts interpret Rule 24 broadly in favor of intervention. Forest Conservation Council v. U.S. Forest Serv., 66 F.3d 1489, 1493 (9th Cir. 1995).

In Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1108 (9th Cir. 2002), the Ninth Circuit made it clear that private intervenors may not intervene as a matter of right pursuant to Rule 24(a) in the merits phase of a NEPA compliance action. Only the government can be liable under NEPA and, therefore, a private party cannot be a defendant in a NEPA compliance action. Id. However, private parties may intervene as a matter of right in the remedial stage of a NEPA compliance action if they meet all the requirements of Rule 24(a). Forest Conservation Council, 66 F.3d at 1493-97.

Under the above rationale, the Association cannot intervene as a matter of right in the liability phase of this action to obtain government compliance with environmental laws. It appears that this rationale would apply to plaintiffs' NFMA claims as well. See

FINDINGS AND RECOMMENDATION - 8

Or. Natural Desert Ass'n. v. Bureau of Land Management, Civ. No. 03-1017-JE, slip op. at 3 (D. Or. Mar. 22, 2004). This case does not differ significantly from other government compliance actions in which courts have held the government is the only proper defendant.

Under Kootenai Tribe, the government is the only proper defendant in this case. Therefore, The Association's motion to intervene as to all phases as a matter of right should be denied. Plaintiffs do not oppose intervention as a matter of right by the Association in the remedial phase of the litigation. Therefore, the Association's motion to intervene as a matter of right in the remedial phase of the litigation should be granted.

The court may in its discretion allow permissive intervention under Rule 24(b) when: 1) the movant shows an independent ground for jurisdiction; 2) the motion is timely; and 3) the applicant's claim or defense and the main action have a question of law or fact in common. Garza v. County of Los Angeles, 918 F.2d 763, 777 (9th Cir. 1990).

It appears that an independent basis for jurisdiction exists. The Association presents evidence that, as the lessee of the SUP, this suit threatens its interest in improving the MASA to better serve the southern Oregon and northern California region, pursuant to its bylaws, in a timely fashion. Its evidence shows that, if the proposed expansion is denied or substantially delayed, it will

suffer injury in the form of loss of potential skiers and snowboarders, loss of users of its other services such as eating facilities, difficulty in making the necessary margins for maintenance for facilities and investment in equipment, and loss of opportunity to enhance economic benefits.

Plaintiffs do not oppose the timeliness of the motion, and the court finds that the motion is timely.

The court finds that the Association satisfies the common questions of law or fact requirement. The Association has shown that it is the lessee of the MASA, and that it has committed significant financial resources to planning for the proposal in addition to costs associated with the NEPA review by the USFS as a proponent of the proposed expansion of the MASA. The Association's general manager represents that it has a vital interest in environmentally sound operation of the ski area and in complying with NEPA and NFMA in expanding and improving the MASA facilities, and that the objective of the MASA expansion is to implement modest improvements to the MASA while protecting the fundamental environmental values of the ski area. In its proposed answer, the Association asserts defenses directly in response to plaintiffs' claims that the USFS violated NEPA and NFMA. See Kootenai Tribe, 313 F.3d at 1110-11.

Considering relevant factors in exercising its discretion, see Spangler v. Pasadena City Bd. of Educ., 552 F.2d 1326, 1329 (9th

Cir. 1977), the court finds that the Association has a significant interest and its participation will assist in the development of the issues in this litigation and resolution of this case. The Association states that it will coordinate its participation with counsel for the federal defendants to avoid duplicative briefing and argument, which the court finds sufficiently addresses plaintiffs' concerns about lengthy litigation.[1] Accordingly, the Association's motion for permissive intervention as to all phases of litigation should be granted.

## RECOMMENDATION

Based on the foregoing, it is recommended that the motion to intervene as defendant by applicant-intervenor Mt. Ashland Association dba Ski Ashland (#6) be granted in part and denied in part: the Association's motion to intervene as a matter of right in all phases of the litigation should be denied; the Association's motion to intervene as a matter of right in the remedial phase of the ligation as a matter of right should be granted; and the Association's motion to permissively intervene in all phases of this litigation should be granted. It is also recommended that the Association's motion to intervene in the action brought by plaintiff Navickas (#11) be denied as moot.

---

[1] The parties' briefing schedule, which was granted with modification by the court, includes briefing by the Association; all references to "defendants" in the court's order setting the briefing schedule includes the Association.

FINDINGS AND RECOMMENDATION - 11

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days within which to file a response to the objections*. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ____25_____ day of May, 2005.

_____/s/_____
UNITED STATES MAGISTRATE JUDGE